WHERE A FATHER AND SON FORM A CORPORATION AND TRANSFER LAND TO THE CORPORATION IN EXCHANGE FOR CORPORATE STOCK, THE TAX PROVIDED IN 68 O.S. 1970 Supp., 5101 [68-5101] MUST BE PAID AND SUCH TAX WOULD BE COMPUTED ON THE BASIS OF THE ORIGINAL PURCHASE PRICE OF THE LAND TRANSFERRED. CITE: 68 O.S. 1970 Supp., 5102 [68-5102]. (FRED H. ANDERSON
OPINION — AG — **** TAXES OWNED WHERE LAND TRANSFERRED TO CORPORATION IN EXCHANGE FOR CORPORATE STOCK **** WHERE A FATHER AND SON FORM A CORPORATION AND TRANSFER LAND TO THE CORPORATION IN EXCHANGE FOR CORPORATE STOCK, THE TAX PROVIDED IN 68 O.S. 1970 Supp., 5101 [68-5101] MUST BE PAID AND SUCH TAX WOULD BE COMPUTED ON THE BASIS OF THE ORIGINAL PURCHASE PRICE OF THE LAND TRANSFERRED. CITE: 68 O.S. 1970 Supp., 5102 [68-5102] (GARY M. BUSH)
TAXES OWED WHERE LAND TRANSFERRED TO CORPORATION IN EXCHANGE FOR CORPORATE STOCK Where a father and son form a corporation and transfer land to the corporation in exchange for corporate stock, the tax provided in 68 O.S. 5101 [68-5101] (1970) must be paid and such tax would be computed on the basis of the original purchase price of the land transferred. We have considered your request for an opinion in which you outline the following fact situation: " 'A' is a businessman — farmer. " 'B' his son is similarly situated. Together they have formed a farm corporation. They and their wives each transferred land to the corporation in exchange for corporate stock. Their basis in the corporate stock is the same as the original purchase price of the land transferred. They received no consideration other than the shares." You then ask the following questions with respect to the provisions of 68 O.S. 5101 [68-5101] (1970): "Has there been any 'value' or 'consideration' exchanged within the meaning of section 5101? Could the above transaction be considered a 'deed to secure an obligation' under subsection (c) of section 68 O.S. 5102? Could the above transaction be considered a deed between parent and child or wife and husband since 'A' and 'B' in the above situation are father and son and they and their wives are the sole shareholders of the farm corporation?" Title 68 O.S. 5101 [68-5101] (1970) provides as follows: "There is hereby imposed, on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to, or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds One Hundred Dollars ($100.00) a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fractional part thereof." Title 68 O.S. 5102 [68-5102] (1970) provides exemptions from the provisions of Section 68 O.S. 5101 [68-5101]. Two of those exemptions are: "(c) Deeds which secure a debt or other obligation; "(e) Deeds between husband and wife, or parent and child, without actual consideration therefor;" None of the other exemptions in Section 68 O.S. 5102 [68-5102] would appear to be in any way pertinent to the question of whether the documentary stamp tax provided in Section 5101 must be paid with respect to the deeds in the above transaction. The exemption provided in sub-section (c) in our opinion does not apply in this situation since the deed in no way secures a debt or other obligation in view of the fact that the corporation, the recipient of the deed, is the only obligor. It is further our opinion that the exemption provided in sub-section (e) does not apply to the present situation for the reason that the plain meaning of the sub-section limits its applications to transfers between individuals and does not apply to transfers to a corporation. It would further appear that consideration does pass to the seller in the amount of the basis of the corporate stock which as set forth in your fact situation, is the original purchase price of the land. Although this is a closely held corporation there is no question but what the corporation is a separate legal entity, that title has passed to the corporation and that consideration has been given by the corporation to the transferor. It is therefore the opinion of the Attorney General that where a father and son form a corporation and transfer land to the corporation in exchange for corporate stock, that the tax provided in 68 O.S. 5101 [68-5101] (1970) must be paid and that such tax would be computed on the basis of the original purchase price of the land transferred. (Gary M. Bush)